IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

MICHAEL JOSEPH DAVIS JR.,

    Petitioner,

v.

STATE OF ALASKA,

    Respondent.[1]

Case No. 3:22-cv-00073-SLG

## ORDER OF DISMISSAL

On April 4, 2022, Michael Joseph Davis, Jr., a self-represented prisoner, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. The Court takes judicial notice[2] of Mr. Davis's underlying criminal conviction in *State of Alaska v. Michael Joseph Davis, Jr.*, Case No. 3AN-12-12425CR[3] and his ongoing post-conviction proceedings, *In the Matter of Michael Joseph Davis, Jr. v. State of Alaska*, Case Nos. 3AN-20-04416CI and 3AN-21-07820CI. The Court notes that both post-conviction proceedings concern the

---

[1] The Court notes that the State of Alaska is not a proper respondent. The proper respondent in a Section 2254 habeas action must be the state officer who holds custody of the petitioner, for a prisoner this is usually the prison superintendent or warden. Rule 2(a), Rules Governing Section 2254 Proceedings for the United States District Courts; *Belgarde v. Montana*, 123 F.3d 1210, 1212 (9th Cir. 1997).

[2] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[3] *State of Alaska v. Michael Joseph Davis, Jr.*, Case No. 3AN-12-12425CR, ("Party Charge Information: Sex Assault 2 – [Attempted] Contact w/o Consent 09/10/2015 Guilty After Trial").

same underlying conviction in *State of Alaska v. Michael Joseph Davis, Jr.*, Case No. 3AN-12-12425CR.[4]

## SCREENING REQUIREMENT

A court must "promptly examine" a habeas petition.[5] "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion."[6] Upon screening, it plainly appears that Mr. Davis is not entitled to habeas relief pursuant to Section 2254 at this time, and his petition must be dismissed.

## DISCUSSION

Petitions filed under 28 U.S.C. § 2254 must meet strict procedural requirements. A prisoner that is in custody based on a state court conviction may not bring a Section 2254 petition prior to exhausting his state court remedies.[7] Exhaustion of state remedies requires the petition to fairly present the federal claims to the state courts in order to give the state the opportunity to pass upon and correct any alleged violations of its prisoners' federal rights.[8] To satisfy the

---

[4] *In the Matter of Michael Joseph Davis, Jr. v. State of Alaska*, Case No. 3AN-20-04415CI, Docket Information entry dated January 21, 2020 ("Application for Post-Conviction Relief (Criminal Rule 35.1) Criminal Case No. 3AN-12-12425CR"); *In the Matter of Michael Joseph Davis, Jr. v. State of Alaska*, Case No. 3AN-21-07820CI, Docket Information entry dated September 23, 2021 ("Application for Post-Conviction Relief (Criminal Rule 35.1) Criminal Case No. 3AN-12-12425CR")

[5] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts.

[6] *Id.*

[7] 28 U.S.C. § 2254(b)(1).

[8] *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curium).

Case No. 3:22-cv-00073-SLG, *Davis v. State of Alaska*
Order of Dismissal
Page 2 of 4
Case 3:22-cv-00073-SLG   Document 6   Filed 06/03/22   Page 2 of 4

"fairly present" requirement, the petitioner must present his federal claim to "each appropriate court (including a state supreme court with powers of discretionary review)" so that the each court is alerted to the federal nature of the claim.[9] In Alaska, this means that claims must first be presented to the Alaska Superior Court. If the petitioner disagrees with that result, the claim must then be raised to the Alaska Court of Appeals, and if he disagrees with that result, the claim must be raised in a petition for hearing to the Alaska Supreme Court.[10] This process also applies to post-conviction proceedings by the Alaska Superior Court and review of any post-conviction decision by the Alaska Court of Appeals and the Alaska Supreme Court.[11]

In his petition, Mr. Davis does not provide information on his state court post-conviction proceedings, but acknowledges his post-conviction counsel, Megan Rowe.[12] The Court has taken judicial notice of the two ongoing post-conviction proceedings.[13] Currently, Case No. 3AN-20-04416CI is set for an evidentiary hearing on August 17, 2022;[14] and Case No. 3AN-21-07820CI awaits an amended

---

[9] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (relying on *Duncan*, 513 U.S. at 365-66.).

[10] *See O'Sullivan v. Boerkel*, 526 U.S. 828, 845. In Alaska, a criminal defendant may request discretionary review by the Alaska Supreme Court. *See* Alaska Statutes §§ 22.05.010, 22.07.020, and 22.07.030; Alaska Rules of Appellate Procedure 215, 301, and 302.

[11] *See* 28 U.S.C. § 2254(c); see also *O'Sullivan*, 526 U.S. at 844-45. *See generally* Alaska R. Crim. P. 35.1.

[12] *See generally* Docket 1; Docket 1 at 13.

[13] *Supra* note 4.

[14] *In the Matter of Michael Joseph Davis, Jr. v. State of Alaska*, Case No. 3AN-20-04415CI, event

Case No. 3:22-cv-00073-SLG, *Davis v. State of Alaska*
Order of Dismissal
Page 3 of 4
Case 3:22-cv-00073-SLG   Document 6   Filed 06/03/22   Page 3 of 4

post-conviction petition.[15] In order to properly exhaust his remedies, Mr. Davis will need to finish his post-conviction proceedings in Alaska Superior Court and then receive final decisions from the Alaska Court of Appeals and the Alaska Supreme Court, before returning to federal court. Because Mr. Davis has not exhausted these remedies, his petition under 28 U.S.C. § 2254 cannot proceed at this time in this Court.

**IT IS THEREFORE ORDERED**:

1. The Petition Under 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE**, in order for Mr. Davis to properly exhaust his state remedies.

2. All pending motions are **DENIED AS MOOT**.

3. A Certificate of Appealability shall not issue.[16]

    DATED this 3rd of June, 2022, at Anchorage, Alaska.

    */s/ Sharon L. Gleason*
    UNITED STATES DISTRICT JUDGE

---

entry dated August 17, 2022 ("Evidentiary Hearing: Superior Court").

[15] *In the Matter of Michael Joseph Davis, Jr. v. State of Alaska*, Case No. 3AN-21-07820CI, Docket Information entry dated March 30, 2022 ("Order Granting Motion" "Case Motion #7: Motion for Extension of Time to File Amended Petition for Post-Conviction Relief [Until 05/31/2022]").

[16] 28 U.S.C. §§ 2255(d), 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

Case No. 3:22-cv-00073-SLG, *Davis v. State of Alaska*
Order of Dismissal
Page 4 of 4
Case 3:22-cv-00073-SLG   Document 6   Filed 06/03/22   Page 4 of 4